UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAMANE SANI MOUSSA,<br>    Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:13-CV-586<br>: |
| ERIC H. HOLDER, JR., *et al.*,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.     Introduction*

On March 1, 2013, Plaintiff Mamane Sani Moussa filed a complaint (Doc. 1) seeking *de novo* review of his naturalization application, which had been denied by the U.S. Citizenship and Immigration Services ("USCIS") on August 9, 2011.  Moussa, a citizen of Niger, is a Civil Affairs Officer for the United Nations.  On March 12, 2014, Defendants filed a motion for summary judgment and a supporting brief.  (Docs. 18, 19). Plaintiff has not filed a timely opposition to the motion.[1]  Although the motion is unopposed, we will conduct a merits analysis.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (explaining that district courts should conduct a merits analysis before granting an unopposed motion to dismiss).  Because we find that no dispute of

---

1. Pursuant to Local Rule 7.6, a party opposing a motion for summary judgment has 21 days to file a brief in opposition to the motion.  The motion was filed approximately sixty days ago, and Plaintiff has not filed an opposition.

fact remains, and that Moussa's application was properly denied, we will grant summary judgment in favor of Defendants.

*II.        Background*

Moussa began employment as an intern at the UN on January 10, 2005, and became a Civil Affairs Officer on April 24, 2006. (Doc. 18-1 at 1). He became a permanent resident of the United States on the same date. (Doc. 18-3 at 18). On February 9, 2011, Moussa filed an application for Naturalization (known as an "N-400"). (Doc. 18-1 at 1). The application required that Moussa provide information about his travel outside the United States from 2006 through 2011. (Doc. 18-3 at 18-19). On his application, Moussa listed four trips that totaled 435 days. (Doc. 18-1 at 1). During an interview with the USCIS on May 23, 2011, Moussa added two more foreign trips, totaling 80 days. (Doc. 18-1 at 2). Because USCIS agency records indicated that Moussa had taken fourteen additional trips that he failed to disclose on his application, the agency requested more information about his travel between 2005 and 2010. (Doc. 18-1 at 2). This time, Moussa provided a list of international trips that totaled 1,338 days. (Doc. 18-1 at 2). The USCIS rejected Moussa's application on the basis that he had not been physically present in the United States for the required period of time. (Doc. 18-1 at 2). On August 9, 2011, Moussa filed a request for a hearing on his application, which was denied. (Doc. 18-1 at 3). On March 1, 2013, Moussa filed the instant complaint seeking *de novo* review of the denial of his application. (Doc. 1).

*III.*     *Discussion*

   *A. Standard of Review*

We review denials of applications for naturalization *de novo*.  See 8 U.S.C. § 1421(c).  Under this standard, we must make our own findings of fact and conclusions of law.  Abulkhair v. Bush, 413 F. App'x 502, 507-08 (3d Cir. 2011).  Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008).  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party," and we will only grant the motion "if no reasonable juror could find for the non-movant."  Id.  If the moving party demonstrates that no genuine issue of material fact exists, the burden shifts to the nonmoving party to present evidence of a genuine issue for trial.  Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993).  "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'"  Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)).

   *B. Moussa's Application Was Properly Denied*

Pursuant to 8 U.S.C. § 1427, a lawful permanent resident applying for naturalization must meet three requirements:  continuous residence, physical presence,

3

and good moral character.  See 8 U.S.C. § 1427(a), (c), (e).  The sole issue in this case is whether Moussa has satisfied the "physical presence" requirement.  According to the statute,

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, . . . immediately preceding the date of filing of his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years *and during the five years immediately preceding the date of filing of his application has been physically present therein for periods totaling at least half of that time*, . . . .

8 U.S.C. § 1427(a) (emphasis added).  Thus, an individual seeking naturalization must continuously reside and be physically present in the United States for at least thirty months, or 913 days, of the five years prior to the date of his application.  Moussa admits that he was not physically present in the country for the required number of days preceding his application.  However, he claims that he is statutorily exempt from the physical presence requirement.

The first exemption that Moussa cites is found in § 1427(c).  This section excuses individuals employed by the United States government from the physical presence requirement.  See 8 U.S.C. § 1427(c).  Because Moussa is employed by the UN, not the United States government, this section does not apply to him.

Next, Moussa claims that the exemption found in § 1427(b) excuses his travel.  This provision exempts employees of public international organizations–such as the UN–from the continuous residence requirement.  It provides: "Absence from the

4

United States for a continuous period of one year or more *during the period for which continuous residence is required* . . . shall break the continuity of such residence, . . . ." (emphasis added). The continuous residence and physical presence requirements are separate elements of the naturalization process that must both be satisfied. See Abulkhair, 413 F. App'x at 508. Thus, while § 1427(b) may excuse Moussa's travel for the purposes of the continuous residence requirement, it does not extend to the physical presence requirement.

Last, Moussa argues that § 1430(c) applies to him. This section provides an exemption for employees of bona fide non-profit organizations incorporated in the United States. See 8 U.S.C. § 1430(c). Because the UN is an international organization that is not incorporated in the United States, this argument is unavailing. The exemption does not apply to Moussa.

It is undisputed that Moussa has not been physically present in the United States for the required number of days. It is also clear that Moussa is not exempt from the physical presence requirement. Accordingly, we find that the USCIS properly denied his application for naturalization. Defendants are entitled to judgment as a matter of law.

*V.	Conclusion*

For the foregoing reasons, we find that Defendants are entitled to summary judgment. An appropriate order will follow.

/s/William W. Caldwell

William W. Caldwell
United States District Judge
